UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH S. BURRIS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 4:16-CV-01565-JAR |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Joseph S. Burris' First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 11). The petition is fully briefed and ready for disposition. For the reasons discussed below, the petition will be denied.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

On October 2, 1997, a jury convicted Petitioner of first-degree murder and armed criminal action. (Doc. 11 at 1-2). Petitioner was sentenced to concurrent terms of life without parole ("LWOP") and 50 years' imprisonment. (*Id.* at 2). At the time of the underlying murder, Petitioner was 15 years old. (*Id.* at 1). Petitioner's conviction was affirmed by the Missouri Court of Appeals in *State v. Burris*, 32 S.W. 3d 583 (Mo.App. 2000). Petitioner also sought post-conviction relief pursuant to Missouri Supreme Court Rule 29.15. (Doc. 11 at 2).

Over a decade later, the Supreme Court decided *Miller v. Alabama*, 567 U.S. 460 (2012). In *Miller*, the Supreme Court held that mandatory schemes imposing LWOP sentences for individuals who committed crimes as minors, like Petitioner, violate the Eighth Amendment's prohibition on cruel and unusual punishment. *Miller* came shortly after *Graham v. Florida*, 560 U.S. 48 (2010), in which the Supreme Court held that juveniles could not be sentenced to LWOP

1

for non-homicide offenses. Petitioner promptly filed a state petition for writ of habeas corpus in the Missouri Supreme Court, contending that his sentence was unconstitutional in light of *Miller*. Petitioner's state habeas petition remained pending until 2016, when the Supreme Court held that its decision in *Miller* applied retroactively. *Montgomery v. Louisiana*, 136 S. Ct. 718 (2016). The *Montgomery* decision specifically noted that a state "may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Id.* at 736.

Immediately after *Montgomery*, the Missouri Supreme Court issued orders on Petitioner's state habeas petition and other comparable cases granting habeas relief in part by requiring that juvenile offenders become eligible for parole after twenty-five years. (Doc. 11 at 3). The Missouri legislature quickly responded, codifying a version of the Missouri Supreme Court's remedy via Senate Bill ("S.B.") 590. (Doc. 11-7); *see* MO. REV. STAT. § 558.047. The Missouri Supreme Court accordingly vacated its prior habeas orders and denied Petitioner's state habeas petition (and those of many other similar situated petitioners).

Petitioner sought habeas relief in this Court pursuant to 28 U.S.C. § 2254 on October 5, 2016. (Doc. 1). With leave of the Court, Petitioner filed a First Amended Petition on June 6, 2017. (Doc. 11 at 7). After briefing, this Court initially denied the petition without prejudice due to Petitioner's failure to exhaust his remedies in state court. (Doc. 29). This Court vacated its prior decision and granted a stay, however, after Petitioner successfully exhausted his state remedies. (Doc. 33). The case remained stayed until August 15, 2019 (Doc. 36), and the parties have provided supplemental briefing in light of Petitioner having now exhausted his state

remedies. (Docs. 39, 45). The parties agree that this matter is now ripe for disposition. (Doc. 47).[1]

The First Amended Petition (Doc. 11) presents five constitutional arguments requiring this Court's consideration:

    A.    <u>Right to Resentencing under *Miller*</u>

    B.    <u>Sixth Amendment Right to Factual Findings by a Jury</u>

    C.    <u>Constitutional Validity of Underlying Missouri Criminal Statutes</u>

    D.    <u>Article I Prohibition on Bills of Attainder</u>

    E.    <u>Equal Protection under the 14th Amendment</u>

## II.    LEGAL STANDARD

A district court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The court may not grant a writ of habeas corpus as to any claim that was adjudicated on the merits in state court proceedings unless such adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

---

[1] In his supplemental brief, Petitioner explained that the Missouri Supreme Court would soon determine whether constitutional challenges to S.B. 590 are appropriate in a declaratory judgment action (as opposed to a habeas petition), and that this may provide Petitioner another avenue for exhaustion. (Doc. 39 at 2-3). In *Hicklin v. Schmitt*, the Missouri Supreme Court held that "declaratory judgment is the proper action" for seeking a judgment as to the constitutionality of S.B. 590. 613 S.W.3d 780, 786 (Mo. banc 2020). The court clarified that a habeas corpus action would be appropriate to the extent the petitioner sought to vacate her sentence. Subsequent to *Hicklin*, Petitioner has confirmed that this matter is ripe for disposition. (Doc. 47). This Court does not believe that the availability of a declaratory judgment action means that Petitioner has not exhausted his claims in state court. Therefore, the First Amended Petition is ripe for review in this Court.

3

"A state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (alteration in original) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). The habeas petition may be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 131 (2011) (citing 28 U.S.C. § 2254(d)).

### III. DISCUSSION

#### A. Right to Resentencing under *Miller*

The Supreme Court's seminal holding in *Miller* establishes that mandatory schemes sentencing juveniles convicted of homicide to LWOP violate the Eighth Amendment's ban on cruel and unusual punishment. *Miller*, 567 U.S. at 489. *Miller* does recognize that a small group of juveniles offenders may still be sentenced to life without parole provided that a fact finder determines them to be eligible for such a sentence "after considering the offender's age, maturity, and other factors identified by the Supreme Court." *Hicklin v. Schmitt*, 613 S.W.3d 780, 782 (Mo. banc 2020) (citing *id.*, 567 U.S. at 473-74). The *Montgomery* decision clarified that the *Miller* holding applies retroactively, but cautioned that such retroactive application "does

not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole. A State may remedy a *Miller* violation by permitting juvenile homicide offenders to be considered for parole, rather than by resentencing them." *Montgomery*, 136 S. Ct. at 736.

Petitioner argues that Missouri's response to the *Miller* and *Montomgery* holdings, S.B. 590, remains constitutionally deficient. Pursuant to MO. REV. STAT. § 558.047.1(1), "[a]ny person sentenced to a term of imprisonment for life without eligibility for parole before August 28, 2016, who was under eighteen years of age at the time of the commission of the offense or offenses, may submit to the parole board for a review of his or her sentence . . . after serving twenty-five years of incarceration on the sentence of life without parole." The statute also identifies the factors the parole board must consider. MO. REV. STAT. § 558.047(5).

Petitioner claims that his current sentence is unconstitutional because he is entitled to an "adversarial resentencing procedure" pursuant to *Miller*. (Doc. 11 at 9). This argument is somewhat bolstered by Justice Sotomayor's concurring opinion in *Tatum v. Arizona* recognizing the constitutional obligation to limit juvenile LWOP sentences to the "rarest of juvenile offenders, those whose crimes reflect permanent incorrigibility." 137 S. Ct. 11, 12 (2016); *see also Songster v. Beard*, 201 F. Supp. 3d 639, 642 (E.D. Pa. 2019) ("Placing the decision with the Parole Board, with its limited resources and lack of sentencing expertise, is not a substitute for a judicially imposed sentence. Passing off the ultimate decision to the Parole Board in every case reflects an abdication of judicial responsibility and ignores the *Miller* mandate.").

Reviewing Petitioner's state habeas petition, the Cole County Circuit Court of Missouri carefully considered relevant Supreme Court precedent and determined that Petitioner "has no right to resentencing, and § 558.047 provides *more* relief than *Miller* and *Montgomery* require."

5

(Doc. 45-2 at 6).[2] The Missouri court went through the holdings in *Miller* and *Montgomery* and concluded that states can remedy *Miller* violations by permitting juvenile homicide offenders to be considered for parole. The court cited analogous state and federal denials of habeas relief for its holding, and reasonably applied Supreme Court precedent.

It is not this Court's role to independently assess the constitutionality of S.B. 590. Instead, pursuant to the Antiterrorism and Effective Death Penalty Act of 1996, this Court may only grant Petitioner habeas relief if it determines that the state court adjudication "was contrary to, or involved an unreasonable application of, clearly established federal law." 28 U.S.C. § 2254(d)(1). Such review is "highly deferential." *Ali v. Roy*, 950 F.3d 572, 574 (8th Cir. 2020) (quoting *Fenstermaker v. Halvorson*, 920 F.3d 536, 540 (8th Cir. 2019)). Courts in this circuit have denied various similar requests for habeas relief, even where the state court adjudication included no substantive analysis. *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586 (W.D. Mo. Jan. 24, 2019); *Saddler v. Pash*, No. 4:16-CV-00363-AGF, 2018 WL 999979 (E.D. Mo. Feb. 21, 2018); *see also Wolf v. Cassady*, No. 16-3334-CV-S-MDH, 2019 WL 1089125 (W.D. Mo. Mar. 7, 2019). Notably, the Missouri Supreme Court has now weighed in on the issue and upheld the constitutionality of S.B. 590, holding that "Missouri's General Assembly can accept the Supreme Court's invitation to remedy *Miller*-affected sentences by supplying parole eligibility." *Hicklin v. Schmitt*, 613 S.W.3d 780, 787 (Mo. banc 2020).[3]

---

[2] Petitioner's state habeas petition was also summarily denied by the Missouri Court of Appeals and Missouri Supreme Court pursuant to brief orders containing no substantive explanation for the decisions. (Docs. 45-4; 45-6). "When the last state court fails to provide the rationale for the decision, district courts must 'look through the unexplained decision to the last related state court decision that does provide a relevant rationale,' and 'presume that the unexplained decisions adopted the same rationale.'" *Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586, at *3 (W.D. Mo. Jan. 24, 2019) (quoting *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018)). Petitioner has not challenged this presumption; accordingly, this Court may look through to the decision of the Cole County Circuit Court.

[3] Petitioner's supplemental brief specifically cited *Hicklin* and noted that the Missouri Supreme Court would be addressing issues "similar to the claims presented in the habeas petition in this case." (Doc. 39 at 2).

This extremely important issue remains somewhat in a state of constitutional flux. The Supreme Court has granted certiorari in *Jones v. Mississippi*, which asks "[w]hether the Eighth Amendment requires the sentencing authority to make a finding that a juvenile is permanently incorrigible" before imposing a LWOP sentence. 140 S. Ct. 1293 (2020). Courts continue to assess the myriad of individual circumstances affected by the *Miller* and *Montgomery* decisions. *See, e.g.*, *Ali v. Roy*, 950 F.3d 572 (8th Cir. 2020) (affirming denial of § 2254 petition for juvenile sentenced to three consecutive terms of minimum thirty years' imprisonment). Petitioner and others, meanwhile, have been granted declaratory and injunctive relief under 42 U.S.C. § 1983 in a class action lawsuit alleging that Missouri's "policies, practices, and customs combine to deprive those serving [juvenile LWOP] sentences of a meaningful opportunity to obtain release based on demonstrated maturity and rehabilitation." *Brown v. Precythe*, No. 17-CV-4082, 2019 WL 3752973, at *5 (W.D. Mo. Aug. 8, 2019), *appeal filed* No. 19-3019.[4]

At this time, however, there is no basis on which this Court can conclude that the Missouri courts unreasonably applied federal law. The Missouri Supreme Court summarily denied Petitioner's state habeas petition, which makes identical arguments to his federal petition, and this Court must "look through" to the reasoning provided by the lower Missouri court. *Wilson v. Sellers*, 138 S. Ct. 1188, 1192 (2018). The Cole County Circuit Court appropriately relied on language in *Montgomery* suggesting that remedies like S.B. 590 are a permissible legislative response to *Miller*. Similar decisions have ben reached by various courts in this circuit as well as the Missouri Supreme Court. The state's adjudication of Petitioner's claim on the

---

[4] To the extent Petitioner is challenging the constitutional adequacy of his future parole hearing, which he appears to be doing in attaching exhibits regarding the parole denials of similarly situated individuals (Docs. 11-2, 11-3, 11-4, 11-5), this Court lacks jurisdiction over the claim, which is not yet ripe for review. *See Seddens v. Wallace*, No. 4:16-CV-00449-AGF, 2019 WL 2327661, at *2 (E.D. Mo. May 31, 2019) ("Petitioner's claims related to the parole board are based on a future application of S.B. 590 by the parole board, which has not yet occurred."); *McCombs v. Lewis*, No. 4:16-CV-356 CDP, 2019 WL 1275066, at *4 (E.D. Mo. Mar. 20, 2019).

merits "gets the benefit of the doubt" unless Petitioner showed that its decision "was so lacking in justification that there [is] an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Ali*, 950 F.3d at 574 (quoting *Fenstermaker v. Halvorson*, 920 F.3d 536, 540 (8th Cir. 2019)). Petitioner has not demonstrated that the Missouri courts unreasonably applied federal law in denying his state habeas petition.

      B.      Sixth Amendment Right to Factual Findings by a Jury

Petitioner contends that the Sixth Amendment requires a jury finding to support a sentence of LWOP. (Doc. 11 at 20-22). This argument, however, is effectively addressed by the Missouri court's analysis of S.B. 590 under *Miller* and *Montgomery*. Indeed, an appropriate takeaway from the critical language in *Montgomery* is precisely that an adversarial resentencing by a jury is not constitutionally required. As discussed above, this Court cannot say that this is an unreasonable application of federal law. Petitioner argues that recent Supreme Court precedent requires a jury to "make factual findings of irreparable corruption and the absence of transient immaturity" before imposing a sentence of LWOP on a juvenile defendant. But the practical effect of S.B. 590 is that Petitioner is no longer subject to a LWOP sentence, because he will be eligible for parole after 25 years of incarceration.

      C.      Constitutional Validity of Underlying Missouri Criminal Statutes

Petitioner was originally convicted pursuant to MO. REV. STAT. § 565.020 which, at the time of the offense, only authorized the punishments of death or mandatory life without probation or parole. (Doc. 11 at 21). Petitioner makes the somewhat novel argument that his conviction cannot stand because the underlying statute is now constitutionally void. The Cole County Circuit Court reasoned that this argument is fundamentally incompatible with *Montgomery*'s recognition that granting eligibility for parole is a constitutionally permissible

mechanism for rectifying *Miller* violations. *Montgomery*, 136 S. Ct. at 736 (Retroactive application of *Miller* "does not require States to relitigate sentences, let alone convictions, in every case where a juvenile offender received mandatory life without parole."). This Court agrees, and Petitioner cites no precedent since *Miller* suggesting that underlying convictions must be thrown out entirely because of new constitutional developments. Changes in Eighth Amendment jurisprudence do not render underlying convictions void, even if resentencing or some other adjustment (*e.g.*, S.B. 590) becomes constitutionally necessary.

### D. Article I Prohibition on Bills of Attainder

Petitioner contends that S.B. 590 is an unconstitutional bill of attainder. *See* U.S. CONST., Art. I, § 10.[5] A bill of attainder is a "law that legislatively determines guilt and inflicts punishment upon an identifiable individual without provision of the protections of a judicial trial." *Nixon v. Adm'r of Gen. Servs.*, 433 U.S. 425, 468 (1977); *see also Palmer v. Clarke*, 408 F.3d 423, 433 (8th Cir. 2005). The Missouri statute enacted in response to *Montgomery*, MO. REV. STAT. § 558.047, clearly does not meet these requirements because it is not punitive in nature.

When determining whether a statute inflicts punishment, courts apply historical, functional, and motivational tests considering the history of bills of attainder, whether the statute functions as punishment, and the motivation behind enactment of the statute. *See WMX Techs., Inc. v. Gasconade Cty., Mo.*, 105 F.3d 1195, 1201-03 (8th Cir. 1997) (citing *Nixon*, 433 U.S. at 473-78); *see also Planned Parenthood of Mid-Missouri and Eastern Kansas, Inc. v. Dempsey*, 167 F.3d 458, 465 (8th Cir. 1999) (citing *Selective Serv. Sys. v. Minnesota Pub. Interest Res.*

---

[5] This Court has jurisdiction to consider this argument to the extent Petitioner seeks to vacate his sentence. As the Missouri Supreme Court has noted, however, a declaratory judgment action is the appropriate mechanism for obtaining a ruling on the constitutionality of S.B. 590. *See Hicklin*, 613 S.W.3d at 786.

9

*Grp.*, 468 U.S. 841, 852 (1984)). The Cole County Circuit Court reasonably concluded that "[r]emedying a perceived constitutional violation is a non-punitive legislative purpose." (Doc. 45-2 at 9). This Court agrees. The statute enacted in response to *Montgomery* lacked any penal intent; instead, the statute "provides an avenue of relief from the sentence previously imposed on Petitioner." *Davis v. Bowersox*, No. 4:16-CV-00246-RK, 2020 WL 1878743, at *5 (W.D. Mo. Apr. 15, 2020). Petitioner cites no evidence of penal intent, and the only function of the statute is to enable parole review which was previously unavailable. Accordingly, the Missouri courts' determination that MO. REV. STAT. § 558.047 is not an unconstitutional bill of attainder is a reasonable application of federal law.[6]

E. Equal Protection under the 14th Amendment

Finally, Petitioner argues that S.B. 590 fails to provide equal protection to juvenile defendants who were sentenced before August 28, 2016 (the effective date of MO. REV. STAT. § 558.047). Petitioner contrasts these offenders with those sentenced later, who "will receive a full and fair sentencing hearing." (Doc. 11 at 22); *see* MO. REV. STAT. § 558.019. Petitioner also identifies two specific cases in which certain juvenile offenders received adversarial resentencing hearings.[7] The Cole County Circuit Court on habeas review determined this was a "reasonable line to draw," since earlier offenders "are distinguishable from persons whose cases are still on

---

[6] Though the parties have not briefed this issue, it is also unclear to this Court whether the statute qualifies as targeting an identifiable individual. The Supreme Court has held that a statute need not specifically identify a named individual to qualify as a bill of attainder. *See Communist Party of the United States v. Subversive Activities Control Bd.*, 367 U.S. 1, 86 (1961) (Bill of attainder exists whether individual is called out by name "or described in terms of conduct which, because it is past conduct, operates only as a designation of particular persons."). However, the Eighth Circuit has clarified that even legislation which affects only one entity does not constitute a bill of attainder. *WMX Techs., Inc.*, 105 F.3d at 1202.

[7] These individuals appear to have been resentenced pursuant to opinions issued by the Missouri Supreme Court in 2013, before *Montgomery* and the enactment of S.B. 590. *See State v. Hart*, 404 S.W.3d 232 (Mo. banc 2013); *State v. Nathan*, 404 S.W.3d 253 (Mo. banc 2013). The fact that *Montgomery* and the Missouri legislature's subsequent response changed the legal circumstances of Petitioner's state habeas petition does not constitute an equal protection violation.

direct review and persons who have not yet been sentenced, because the evidence is fresher in such cases." (Doc. 45-2 at 9).

States may not "deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (internal quotations and citations omitted). But the Equal Protection Clause "does not guarantee that all persons must be dealt with in an identical matter," and "does not forbid all statutory classifications." *Walker v. Hartford Life and Accident Ins. Co.*, 831 F.3d 968, 976 (8th Cir. 2016) (internal quotations and citations omitted).

Petitioner cites no evidence that the current distinction under Missouri law – between certain juvenile offenders who were sentenced before and after August 28, 2016 – was enacted with discriminatory intent or discriminates against a suspect class. This Court agrees with Respondent that it was reasonable for the legislature to follow the Supreme Court's suggestion regarding parole eligibility when *Montgomery* announced the retroactive application of *Miller*. Other courts in this circuit have reached a similar conclusion. *See Davis*, 2020 WL 1878743, at *5 ("[T]he Court finds that it is not unreasonable to draw a distinction between those individuals who have completed direct review and those who have not."); *see also Hack v. Cassady*, No. 16-04089-CV-W-ODS, 2019 WL 320586, at *8 (W.D. Mo. Jan. 24, 2019). The statutory distinction discussed by Petitioner does not rise to the level of a violation the Equal Protection Clause, and it cannot be said that the Missouri courts unreasonably applied federal law or Supreme Court precedent in reaching a similar conclusion.

11

### IV.   EVIDENTIARY HEARING

Petitioner briefly requests that this Court "grant[] him reasonable discovery and necessary hearings." (Doc. 11 at 23); *see* 28 U.S.C. § 2254(e)(2). The instant petition concerns pure questions of law, and there is no relevant factual dispute. Granting an evidentiary hearing or permitting discovery "would not assist in the resolution of [Petitioner's] claim" because this Court has accepted all of Petitioner's factual allegations as true. *Johnston v. Luebbers*, 288 F.3d 1048, 1059 (8th Cir. 2002) (quoting *Breedlove v. Moore*, 279 F.3d 952, 960 (11th Cir. 2002)). Accordingly, the request for an evidentiary hearing and discovery is denied.

### V.   CONCLUSION

The instant petition presents serious questions regarding the constitutional adequacy of S.B. 590 and Missouri's parole procedures for offenders like Petitioner. Many of these questions are being litigated in the *Brown v. Precythe* class action and elsewhere. It is not this Court's role on habeas review, however, to offer its independent judgment on these important issues. Instead, the First Amended Petition may only be granted only if "there is no possibility fairminded jurists could disagree that the state court's decision conflicts with [the Supreme] Court's precedents." *Harrington v. Richter*, 562 U.S. 86, 131 (2011) (citing 28 U.S.C. § 2254(d)). The Missouri Supreme has upheld the constitutionality of S.B. 590 in a declaratory judgment challenge, and each court in this circuit to consider the issue has denied habeas petitions making similar claims. In denying Petitioner's state habeas petition, the Missouri courts reasonably applied federal law and Supreme Court precedent as it currently stands. Therefore, the First Amended Petition must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Joseph S. Burris' First Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 11) is **DENIED** and this case is hereby **DISMISSED**. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that, because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 12th day of April, 2021.

*/s/ John A. Ross*
_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE